JUDGE SULLIVAN

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
Sally Abrahamson (*pro hac vice* motion forthcoming)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**13 CIV 3085**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH SANTOS, TUNEKA GREEN, and MATTHEW MORRIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ERIC GOODE, SEAN MACPHERSON, and CHELSEA PARK LLC d/b/a The Park,<br><br>Defendants. | RECEIVED MAY - 7 2013 U.S.D.C. S.D.N.Y. CASHIERS<br><br>CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiffs Elizabeth Santos, Tuneka Green, and Matthew Morris ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, overtime pay, illegal deductions, spread of hours pay, and misappropriated tips for Plaintiffs and similarly situated hourly restaurant workers who work or worked at The Park located at 118 10th Avenue, New York, New York 10011.

2. The Park is owned and/or operated by Eric Goode and Sean MacPherson, restaurateurs and hoteliers who have opened several hotels and restaurants in New York City

over the past 15 years, including The Bowery, The Maritime, and The Waverly Inn. Some of their restaurants, including B Bar & Grill, Gemma, and Matsuri have been sued for wage and hour violations in recent years.

3. The Park regularly hosts events at which customers are charged mandatory gratuities, or "service charges," that they reasonably believe will be used to compensate the workers who staff their events. Instead, Defendants pay their event workers a fixed hourly rate for these events and do not provide them with the mandatory gratuities that customers pay in recognition of their hard work.

4. Defendants also failed to pay Plaintiffs and similarly situated restaurant workers at the proper minimum wage and overtime rate, failed to pay an extra hour of pay on days when they worked more than 10 hours, and made illegal deductions from their pay checks when customers failed to pay their bills.

5. Plaintiffs Santos and Green bring this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, its collective action provision, 29 U.S.C. § 216(b), to remedy Defendants' violations of the FLSA's overtime and minimum wage provisions.

6. Plaintiffs Santos, Green, and Morris also bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy Defendants' violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

**Elizabeth Santos**

7. Elizabeth Santos ("Santos") is an adult individual who is a resident of Brooklyn, New York.

8. Santos was employed by Defendants as a server, bartender, and cocktail waitress from approximately October 2002 through approximately August 2010.

9. Defendants failed to pay Santos at the proper minimum wage rate for all hours worked and at the proper overtime rate for hours worked in excess of 40.

10. Defendants failed to provide Santos with adequate notice of Section 203(m) of the FLSA.

11. Defendants distributed a portion of the tips that Santos earned to tip ineligible workers, including managers.

12. Defendants unlawfully retained mandatory service charges that they collected from customers who held events at The Park that Santos staffed.

13. On at least two occasions, when customers left The Park without paying their bills, Defendants deducted 50 percent of the unpaid bills from Santos's wages.

14. Approximately once a month, Santos worked more than 10 hours in a single day and was not paid spread of hours pay.

15. Santos has consented in writing to assert claims under the FLSA pursuant to 29 U.S.C. § 216(b). Her written consent form is attached as Exhibit A.

16. At all times relevant, Santos was a covered employee within the meaning of the FLSA and the NYLL.

**Tuneka Green**

17. Tuneka Green ("Green") is an adult individual who is a resident of New York, New York.

18. Green was employed by Defendants as a server and a cocktail waitress from approximately February 2006 through approximately January 2011.

19. Defendants failed to pay Green at the proper minimum wage rate for all hours worked and at the proper overtime rate for hours worked over 40.

20. Defendants failed to provide Green with adequate notice of Section 203(m) of the FLSA.

21. Defendants distributed a portion of the tips that Green earned to tip ineligible workers, including managers.

22. Defendants unlawfully retained mandatory service charges that they collected from customers who held events at The Park that Green staffed.

23. Approximately two to four times a week, Green worked more than 10 hours in a single day and was not paid spread of hours pay.

24. Green has consented in writing to assert claims under the FLSA pursuant to 29 U.S.C. § 216(b). Her written consent form is attached as Exhibit A.

25. At all times relevant, Green was a covered employee within the meaning of the FLSA and the NYLL.

**Matthew Morris**

26. Matthew Morris ("Morris") is an adult individual who is a resident of New York, New York.

27. Morris was employed by Defendants as a server from approximately February