# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH SANTOS, TUNEKA GREEN, and MATTHEW MORRIS, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>  -against-<br><br>ERIC GOODE, SEAN MACPHERSON, and CHELSEA PARK LLC d/b/a The Park,<br><br>         Defendants. | **Civil Action No.** 13-cv-3085 (RJS)(HP) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PROPOSED NOTICE OF SETTLEMENT**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendants agreed, for settlement purposes only, not to oppose the motion.

  1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Rachel Bien, Esq. ("Bien Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Elizabeth Santos, Tuneka Green, and Matthew Morris (collectively "Plaintiffs"), and Defendants Eric Goode, Sean MacPherson, and Chelsea Park LLC ("the Park") (collectively "Defendants"), attached to the

Bien Decl. as Exhibit A, and "so orders" all of its terms.

2. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval such that notice to the Class is appropriate.

3. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. The assistance of United States Magistrate Judge Henry Pitman reinforces that the Settlement Agreement is non-collusive.

4. For settlement purposes only, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(e) ("Settlement Class"):

> All individuals in the Server, Bartender, Cocktail Server, Runner, Barback and/or Busser job classifications who have worked for a period of at least four (4) weeks at The Park at any time between May 7, 2007 and December 31, 2012.

5. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

6. For settlement purposes only, the Court appoints Outten & Golden LLP as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

7. The Court approves the Proposed Notice of Settlement ("Notice"), which is attached as Exhibit B to the Bien Decl., and directs distribution of the Notice to the Class.

8. Within 7 days of this Order, Defendants will provide Class Counsel and the Claims Administrator with a list, in electronic form, of the names of each Class Member, their last known address(es), last known telephone number(s), dates of employment, and workweeks. Defendants will also provide the Claims Administrator with Class Members' social security numbers.

9. Within 20 days of receiving the class contact information described above, the

Claims Administrator shall mail, via First Class United States mail, postage prepaid, the Notice to all Class Members.

10. Rule 23 Class Members will have 30 days from the date the Notice is mailed to opt out of the settlement or to object to it.

11. Plaintiffs will file a Motion for Final Approval of Settlement and Motions for Approval of Attorneys' Fees and Costs and Service Payments no later than 14 days before the fairness hearing.

12. The Court will hold a final fairness hearing on _____ at _____ a.m./p.m. at the Thurgood Marshall United States Courthouse, United States District Court for the Southern District of New York, 40 Foley Square, New York, New York, Courtroom _____.

13. If the Court grants the Motion for Final Approval of the Settlement, Defendants will deposit the $425,000 settlement fund in the Qualified Settlement Account administered by the Claims Administrator within 31 days of the Final Approval Order.

14. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days after the Order is entered.

15. If an individual or party appeals the Court's Final Order and Judgment, the "Effective Date" of Settlement will be the day after all appeals are finally resolved.

16. The Claims Administrator will disburse settlement checks to Class Members, Court-approved attorneys' fees and costs, and Court-approved service awards within 15 days after Defendants deposit the settlement fund.

17. The Court will retain jurisdiction over the interpretation and implementation of the settlement agreement.

18. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this _____ day of _____, 2014.

_____
United States District Judge